314 P.2d 838

Roland LaVar DENISON, Appellant

v.

Alvin D. CHAPMAN, Continental Oil Company, a corporation, and Dora Hartley, Respondents.

No. 8554.

Supreme Court of Utah.

Aug. 28, 1957.

380

Dilworth Woolley, Mantri, Warren M. O'Gara, Peter M. Lowe, Salt Lake City, for appellant.

Moreton, Christensen & Christensen, Salt Lake City, Christenson, Novak & Paulson, Provo, for respondents.

McDONOUGH, Chief Justice.

A southbound station wagon driven by Roland LaVar Denison collided with a northbound semi-trailer oil truck, driven by Alvin D. Chapman, which had crossed over into Denison's lane of traffic directly in front of him. Denison brought action against Chapman, his employer, Continental Oil Company, and against Dora Hartley, a person whose car had initially collided with the oil truck, to recover damages for injury to person and property. At the close of plaintiff's evidence, defendants moved for a dismissal which was granted with prejudice on grounds that no evidence of negligence existed. Plaintiff appeals.

The accident occurred at approximately 7 p. m. on a hill near Orem, Utah. Snow had fallen and the roads were packed with snow which had formed an icy layer on the highway from shoulder to shoulder. The highway was four lanes wide. The evidence viewed in a light most favorable to appellant establishes the facts as follows:.

The Oldsmobile driven by Mrs. Hartley had entered the extreme right lane of the highway from the east, and was traveling north. She was proceeding with care at about 15 miles per hour as she approached the hill. She had noticed the oil truck several blocks away coming north when she entered the highway. The oil truck, driven by Mr. Chapman, had stopped for a red light and had started forward in the right lane gaining speed. He was traveling near 35 miles per hour according to the recording of his speed as he started up the icy grade. Approaching the rear of the Hartley vehicle, he moved into the left lane of traffic to pass. As he was passing, the Hartley automobile suddenly went into a counter-clockwise spin, hitting the truck with its left side and front, and spinning around so that it stopped facing south. The oil truck, which had been traveling at 35 miles per hour to avoid "spinning out"—sliding back down the hill and jackknifing—was knocked by the impact across the road into the opposite

lane of traffic, stopping finally in a diagonal position blocking southbound traffic with the front bumper resting on the west guard rail.

The plaintiff, Roland LaVar Denison, accompanied by his two sons, was traveling south at a speed of 35 miles per hour when his car was two blocks from the crest of the hill. Seeing the icy road, Denison took his foot off the gas pedal, tested his brakes, and tried to slow down. As he passed the crest of the hill he was traveling not more than 30 miles per hour; and he shifted into second gear to further reduce his speed, when he saw the Hartley car strike the oil truck. After pulling over to the shoulder in an attempt to obtain traction, he saw that he could not avoid hitting the oil truck now stopped in front of his lane, and he turned the ignition off trying to steer the car into a tire of the truck. The impact injured both plaintiff and one of his sons, and wrecked the front of his car.

Police officers had testified that safe driving speed would be 15 to 20 miles per hour on this hill, but admitted they knew nothing about safe driving speed of a truck and semi-trailer under the existing conditions.

Plaintiff contends on appeal that sufficient evidence was adduced from which the jury could find the defendants negligent.

Defendants argue that the accident was unavoidable, and that plaintiff introduced no evidence probative of negligence against any of them.

We first confront the question of whether or not the evidence would support a finding that Mrs. Hartley was negligent in that she reasonably should have foreseen the danger of her losing control of her automobile as she proceeded up the icy hill at the established rate of speed and, assuming that she should have, she acted in the premises without due care. Her speed was not unreasonable for she was well within the safe speed limits as testified to by the police officers. Nor did she, as we view the evidence, while proceeding, breach any other duty on her part. The question remains whether she had a duty not to drive at all on the icy highway. Her car had snow tires; she had driven this road before under icy conditions; and she was proceeding as safely as possible while still carrying momentum sufficient to carry her up the hill. Certainly in moderate traffic where other traffic was proceeding with safety it was not unreasonable for her to assume that she could drive safely and keep her vehicle under control. In any event the direct and proximate cause of the accident was not her proceeding up the hill; rather it was the sudden slide and loss of control following when her car began to spin

on the ice. This cause was not due to her negligence. See Annotations, 58 A.L.R. 264 and 113 A.L.R. 1002.

How stands the case as respects negligence upon the part of the defendant, Chapman? It cannot be said that he was negligent in essaying to drive up the hill any more than it was negligence for Mrs. Hartley to do so. This being true, we appraise his conduct as he proceeded to ascertain if a finding of negligence could be adduced therefrom. He had two alternatives as he drove up the hill in the far right lane behind Mrs. Hartley. He could have slowed from 35 miles per hour to the speed of the Hartley automobile and continued behind her at a speed which he testified would have presented a danger of slipping and jackknifing. Or he had the other choice of continuing at his rate of speed and pass the Hartley car by moving into the left lane of traffic. The latter was his choice. It cannot be said in light of the evidence presented that his choice was unreasonable. The slight risk of danger he could have foreseen in passing Mrs. Hartley does not indicate negligence when weighed against the more probable danger of his only other alternative. We cannot say that evidence exists showing the accident was caused by Chapman's negligence. It was not his passing the Hartley automobile that proximately caused the accident; rather it was caused by Mrs. Hartley's car spinning out of control. This is a type of accident which from anything that appears in the record must be classified as unavoidable.

The argument of res ipsa loquitur is not applicable here. To say that this type of accident could not happen except for negligence is specious. Many times accidents are caused by icy conditions beyond the control of any of the parties involved. Likewise, the icy roads would remove the element of exclusive control from the defendants. A person cannot be in exclusive control of a vehicle under weather conditions in which the elements can act at variance with the control of the operator. See Annotations in 58 A.L.R. 269 and 113 A.L.R. 1014. The case of Barrera v. De La Torre, Cal.App. 1956, 300 P.2d 100, cited by appellant is not in point. There, the roads were not icy, nor was evidence satisfactory that it involved a prior collision between two cars; the fact that defendant's car crashed into plaintiff's house bespoke negligence, in the absence of compelling evidence of due care.

Affirmed. Costs to respondents.

CROCKETT, WADE, HENRIOD, and WORTHEN, JJ., concur.